El Pueblo *v.* Hernández.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 72. Resuelto en diciembre 12, 1905.

Perjurio.—Acusación.—Elementos esenciales.—Una acusación imputando al acusado haber jurado que determinada persona *"no tenía derecho á figurar en las listas electorales"*, y agregando, *"hecho cuya falsedad le constaba"*, no es suficiente para imputar el delito de perjurio, por no contener los elementos necesarios para constituir este delito, pues es indispensable expresar concretamente, en la acusación, cuál fuera el hecho que el acusado juró como cierto conociendo su falsedad.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Figueras, emitió la opinión del tribunal.

El fiscal de la corte de dicho distrito formuló acusación jurada por el delito de perjurio, *felony,* cometido como sigue:

"En Ciales del Distrito judicial de Arecibo, el día 18 de octubre de 1904, el acusado Vicente Hernández, prestó juramento ante el Juez de Paz de dicho pueblo, que tiene facultad para recibirlo, en el que afirmaba que Miguel Padilla, inscrito en las listas electorales, no tenía derecho á figurar en ellas, hecho cuya falsedad le constaba, y con dicho juramento que presentó en dicho día á los

Jueces del precinto número 11, que comprenden los barrios del Pueblo de Ciales y Hato-Viejo, él obtuvo la exclusión de dicho elector, quien se vió privado de usar su derecho el día de las elecciones. Este hecho es contrario á la Ley para tal caso prevista, y á la paz y dignidad de "El Pueblo de Puerto Rico."

Celebrado el juicio y no expresando el acusado bastantes razones para obstaculizar el pronunciamiento de la sentencia, se dictó ésta el 15 de abril del corriente año, condenando á Vicente Hernández, por el delito de perjurio, á la pena de dos años en el presidio departamental de la Isla con trabajos forzados y al pago de las costas.

De la anterior sentencia apeló el acusado para ante esta Corte Suprema y aquí el fiscal solicitó la confirmación del fallo.

No se presentó pliego de excepciones ni exposición de hechos, ni consta que se hiciese moción alguna.

No se personó el apelante en esta corte ni ha presentado alegato

Pero aquí existe un error fundamental que nace de la misma acusación.

Ese error á que nos referimos, consiste en que la acusación se limita á expresar que el acusado Vicente Hernández, juró que Miguel Padilla "no tenía derecho á figurar en las listas electorales" y por más que se añade "hecho cuya falsedad le constaba" como no se expresa cuál fué el hecho á que se refirió el juramento, viene á resultar, según la acusación, que fué falsa la opinión ó creencia del acusado sobre el derecho electoral de Padilla y esto no constituye el delito de perjurio que consiste en jurar la certeza de de un hecho esencial conociendo su falsedad.

Otra cosa hubiera sido si se hubiera expresado en la acusación el hecho jurado como cierto conociendo su falsedad y que determinó la pérdida del derecho electoral de Padilla.

Sólo así se puede cometer el delito de perjurio á que se refiere el artículo 117 del Código Penal.

En vista, pues, de esa disposición anteriormente citada, de los artículos 364 y 366 del Código de Enjuiciamiento Criminal y de la Ley de la Asamblea Legislativa de esta Isla, aprobada en 30 de mayo de 1904, proponemos la revocación de la sentencia dictada por la Corte de Arecibo en quince de abril del corriente año, y que se absuelva al acusado Vicente Hernández, con costas de oficio, que se le ponga en libertad si estuviese preso y si se haya en libertad, bajo fianza, que se cancele si es personal ó que se le restituya si es pecuniaria.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.